**SULAIMAN LAW GROUP, LTD.**
**Marwan R. Daher, Esq.**
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
mdaher@sulaimanlaw.com
*Attorney for the Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| DOROTHY OWSLEY, <br><br> Plaintiff, <br><br> v. <br><br> ALLIED FIRST BANK, SB, doing business as, SERVBANK, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), 47 U.S.C. § 227 *ET SEQ.*;** <br> 2. **VIOLATION OF THE ARIZONA CONSUMER FRAUD ACT ("ACFA"), PURSUANT TO A.R.S. § 44-1522 *ET SEQ.*** <br><br> **JURY TRIAL DEMANDED** |

**NOW COMES** Dorothy Owsley ("Plaintiff"), by and through her undersigned attorney, complaining of the Defendant, Allied First Bank, SB, doing business as, Servbank, ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA"), pursuant to 47 U.S.C. § 227 *et seq.*, and Arizona Consumer Fraud Act ("ACFA"), pursuant to A.R.S. § 44-1522 *et seq.*

1

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction is conferred upon this Court by the TCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant is domiciled in the District of Arizona, and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Arizona.

**PARTIES**

5. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "consumer" as defined by 47 U.S.C. §153(39).

6. Defendant is a subservicer for consumer mortgage loans located at 3138 E. Elwood Phoenix, Arizona 85034.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, vendors, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTUAL ALLEGATIONS**

9. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 3318.

10. At all times relevant, Plaintiff's number ending in 3318 was assigned to a cellular telephone service.

11. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

2

12. Prior to the events giving rise to this action, Plaintiff obtained a home mortgage loan with The Money Source Inc.

13. Sometime thereafter, Plaintiff's mortgage loan was transferred to Defendant's offices for servicing.

14. Upon information and belief, Plaintiff was current on her monthly payments at the time Defendant began servicing her home mortgage ("subject account").

15. On or around the first of each month, Plaintiff started receiving collection calls from Defendant.

16. As soon as the calls began, Plaintiff answered a call from Defendant.

17. During the call, Plaintiff advised Defendant to send her letters and asked Defendant to cease calling her cellular phone.

18. Plaintiff continued to answer the incoming calls placed by Defendant prompting her to request once more for calls to cease and explained her intentions to pay the subject account.

19. Despite Plaintiff's requests that the collection calls cease, Defendant continued bombarding Plaintiff with collection calls, including calls from: (866) 867-0330.

20. In some of the calls that Plaintiff would answer Defendant utilized a pre-recorded messaging technology advising Plaintiff that there is an important message and to call back.

21. In an effort to escape Defendant's harassing collection calls, Plaintiff would ignore the numbers that Defendant previously called from, only for Defendant to call from new numbers.

22. Plaintiff had no choice but to submit to Defendant's harassing collection calls.

23. Defendant ignored Plaintiff's request for the collection calls to cease and continued bombarding her with unwanted calls.

24. In total, Defendant has placed numerous harassing collection calls to Plaintiff's cellular phone using pre-recorded messaging technology after Plaintiff initially requested that the calls cease.

## DAMAGES

25. Defendant's incessant collection calls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including: aggravation that accompanies unwanted calls, increased risk of personal injury resulting from the distraction caused by the unwanted calls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

26. Moreover, each time Defendant placed a call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

27. Due to Defendant's refusal to honor Plaintiff's repeated requests that the calls cease, Plaintiff was forced to retain counsel to compel Defendant to cease its abusive collection practices.

## CLAIMS FOR RELIEF

### COUNT I:
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq*.)**

28. All paragraphs of this Demand are expressly adopted and incorporated herein as though fully set forth herein.

29. Section 227(b)(1)(A)(iii) of the TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" to "any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio

4

common carrier service, or any service for which the called party is charged for the call." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2344 (2020).

30. Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing numerous non-emergency calls to Plaintiff's cellular telephone utilizing an ATDS and/or artificial or prerecorded voice without Plaintiff's consent.

31. As pled above, Plaintiff revoked consent to be called on her cellular phone during multiple answered calls.

32. As pled above, Plaintiff was harmed by Defendant's collection calls to her cellular phone.

33. Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular phones.

34. Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

35. Upon information and belief, Defendant knew its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

36. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

37. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff Dorothy Owsley, requests the following relief:

a. an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

b. an award of $500.00 in damages to Plaintiff ;

c. an award of treble damages up to $1,500.00 to Plaintiff; and

d. an award of such other relief as this Court deems just and proper.

**COUNT II: VIOLATIONS OF THE ARIZONA CONSUMER FRAUD ACT**

38. Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

39. Defendant's products and services offered constitute "merchandise" as defined by A.R.S. § 44-1521(5).

40. Defendant's collection calls to Plaintiff constitute "unlawful practice" as defined by ARS §44-1522 of the ACFA.

41. The ACFA states:

> The act, use or employment by any person of any deception, deceptive or unfair act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely on such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice. Ariz. Rev. Stat. Ann. § 44-1522

42. Defendant violated ARS §44-1522 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was inherently deceptive and unfair for Defendant to continue to place incessant pre-recorded collection calls to Plaintiff after she requested that the collections calls cease.

43. It was unfair for Defendant to place numerous amounts of calls to Plaintiff's cellular phone after it was notified that the calls were unwanted.

44. It was unfair for Defendant to attempt to bully Plaintiff into making a payment on the subject account by pounding Plaintiff with harassing collection calls.

45. It was unfair and deceptive for Defendant to repeatedly disrupt Plaintiff's workday and weekends by relentlessly calling Plaintiff in an effort to collect the subject account.

46. Plaintiff had no choice but to submit to Defendant's phone calls. Specifically, the only option available to Plaintiff to escape Defendant's phone calls was to turn off her cellular

phone. However, given the imperative function cellular phones play in today's society, Plaintiff had no reasonable alternative other than to submit to Defendant's phone calls.

47. The phone harassment campaign that Defendant unleashed on Plaintiff was against public policy, unethical, and oppressive.

48. Upon information and belief, Defendant systematically places harassing phone calls to consumers in Arizona in order to aggressively collect debts.

49. Upon information and belief, placing unwanted harassing phone calls to consumers is an unfair business practice willfully employed by Defendant on a mass scale.

50. As pled above, Plaintiff was harmed by Defendant's unfair conduct.

51. The ACFA was designed to protect consumers such as Plaintiff from the precise conduct committed by Defendant.

52. An award of punitive damages is appropriate because Defendant's conduct described above was outrageous, willful and wanton, and showed a reckless disregard for the rights of the Plaintiff and similarly situated consumers.

**WHEREFORE**, Plaintiff Dorothy Owsley, respectfully requests the following:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined Trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees as this action constitutes a private-attorney general action;

d. Enjoining Defendants from further seeking payment of the subject account; and

e. Awarding any other relief as the Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: December 28, 2023                     Respectfully Submitted,

/s/ Marwan R. Daher
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com