Marwan R. Daher
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8181
mdaher@sulaimanlaw.com
*Attorney for the Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Dorothy Owsley,<br><br>    Plaintiff,<br><br>v.<br><br>Allied First Bank SB,<br><br>    Defendant. | Case No. 2:23-cv-02714-DLR<br><br>**JOINT RULE 26(f) DISCOVERY PLAN**<br><br>Judge: Douglas L. Rayes<br><br>**Scheduling Conference**<br>Date: May 3, 2024<br>Time: 9:30AM |

**1.** **The parties who attended the Rule 26(f) meeting and assisted in developing the Discovery Plan:**

- Plaintiff's Counsel, Marwan R. Daher.

- Defendant's Counsel, Michael Vincent.

**2.** **A short statement of the nature of the case (3 pages or less), including a description of each claim and each affirmative defense:**

**Plaintiff:** Plaintiff brings this action seeking redress for Defendant Allied First Bank SB's violations of the Telephone Consumer Protection Act ("TCPA"), pursuant to 47 U.S.C. § 227 et seq. and for Defendants' violations of the Arizona Consumer Fraud Act ("ACFA") pursuant to ARS §44-1522 et seq. Prior to the events giving rise to this action,

1

Plaintiff obtained a home mortgage loan with The Money Source Inc. Sometime thereafter;

Plaintiff's mortgage loan was transferred to Defendant's offices for servicing. On or around

the first of each month, Plaintiff started receiving collection calls from Defendant. As soon

as the calls began, Plaintiff answered a call from Defendant, advised Defendant to send her

letters, and asked Defendant to cease calling her cellular phone. Despite Plaintiff's requests

that the collection calls cease, Defendant continued bombarding Plaintiff with collection

calls, including calls from: (866) 867-0330. In some of the calls that Plaintiff would answer

Defendant utilized a pre-recorded messaging technology advising Plaintiff that there is an

important message and to call back. In an effort to escape Defendant's harassing collection

calls, Plaintiff would ignore the numbers that Defendant previously called from, only for

Defendant to call from new numbers.

**Defendants:** Defendant was the servicer on Plaintiff's mortgage. After Plaintiff

defaulted on her loan payments, Defendant at times called Plaintiff using prerecorded

messages. When Plaintiff had previously registered on Defendant's online portal, she

affirmatively consented in writing to the use of such messages, and this is documented in

Defendant's electronic systems. Plaintiff never asked in writing for Defendant to cease calls

using prerecorded messages and it appears that when she called Defendant asking for

unspecified calls to stop, she did so from a different phone number than that listed in the

complaint. Under the circumstances, pursuant to FCC rules, a finder of fact must conduct a

totality-of-circumstances analysis to determine whether any request to revoke consent was

conveyed in a reasonable manner. Moreover, after Plaintiff made any request to revoke

consent, Defendant had a reasonable time to implement that request.

Plaintiff's claim for a violation of the Arizona Consumer Fraud Act (the "Act") is frivolous as the scope of that Act is limited to false statements or omissions made in connection with the advertising or sale of merchandise. Not only were the calls not made to sell or advertise merchandise, but the Act does not extend to conduct such as placing phone calls. Plaintiff's claim is an attempt to improperly expand liability under TCPA, which does not allow for a recovery of punitive damages or attorneys' fees.

**3.     A description of the principal factual and legal disputes in this case:**

The principal factual disputes are:

(1) Whether and when Plaintiff consented to receive prerecorded messages from Defendant;

(2) Whether and when Plaintiff revoked any consent to receive prerecorded messages from Defendant, including whether the request was conveyed in a reasonable manner;

(3) Whether Defendant processed any revocation of consent in a reasonable time frame under FCC regulations; and

(4) Whether any violation of the TCPA that may have occurred was willful or knowing.

The principal legal disputes are:

(1) Whether Defendant violated the TCPA;

(2) Whether Plaintiff has adequately pleaded or stated a claim for violation of the Arizona Consumer Fraud Act (the "Act"), including whether the Act applies to the conduct of placing phone calls under the facts of this case;

(3) Whether Plaintiff is entitled to punitive damages under the Act; and

(4) Whether Plaintiff is entitled to attorneys' fees under the Act.

**4.     The jurisdictional basis for the case, citing specific jurisdiction statutes:** The Court has federal question jurisdiction as the TCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

**5.     Any parties which have not been served and an explanation of why they have not been served; and any parties which have been served but have not answered or otherwise appeared:** All parties have been served.

**6.     Whether any party expects to add additional parties to the case or otherwise amend pleadings:** The Parties do not anticipate on adding additional parties or otherwise amending pleadings.

**7.     A listing of contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal Rules of Evidence 702, 703, 704, and 705):**

Defendant contemplates filing a motion to dismiss or for summary judgment on the Arizona Consumer Fraud Act claim. The issue to be decided in that motion would be whether as pleaded, Plaintiff has stated a claim for a violation of the Act, particularly whether calling a loan customer via prerecorded messages qualifies as conduct prohibited by the Act.

**8.     Whether the case is suitable for reference to arbitration or a United States Magistrate Judge for trial:** The parties do not unanimously consent to proceed before a Magistrate.

**9.** **The status of related cases pending before other courts or other judges of this Court:** None

**10.** **A statement of when the parties exchanged Federal Rule of Procedure 26(a) initial disclosures:** April 18, 2024

**11.** **A discussion of necessary discovery, including:**

**a.** **The extent, nature, and location of discovery anticipated by the parties:** The parties anticipate both written and oral discovery, including interrogatories, requests for production, and depositions.

**b.** **Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure:** None at this time.

**c.** **The number of hours permitted for each deposition unless extended by agreement of the parties:** The Parties anticipate two depositions total on the case; with each taking no longer than 4 hours.

**12.** **Proposed specific dates for each of the following (deadlines should fall on a Friday unless impracticable):**

**a.** **A deadline for the completion of fact discovery and disclosure pursuant to Rule 26(a)(3):** October 18, 2024

**b.** **Dates for complete disclosures of expert testimony under Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure:** July 12, 2024

**c.** **A deadline for completion of all expert depositions**: November 1, 2024

**d.** **A deadline for filing dispositive motions:** December 18, 2024

**e.    A date by which the parties shall have engaged in good faith settlement talks:** May 24, 2024

**13.    Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, set forth the reasons):** A jury trial has been demanded by Plaintiff.

**14.    The estimated length of trial and any suggestions for shortening the trial:** The parties estimate that they will be ready for trial in June 2025.

**15.    The prospect for settlement, including any request of the Court for assistance in settlement efforts:** The parties believe there is a reasonable prospect for settlement, and would be willing to consider a settlement conference after the close of discovery.

**16.    Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1:** None

Dated: April 18, 2024                              Respectfully submitted,


/s/ Marwan R. Daher                                /s/ Michael Vincent
Marwan R. Daher, Esq. (Pro Hac Vice)               Michael Vincent, Esq. (029864)
Sulaiman Law Group, Ltd.                           Ashley V. Cheff, Esq. (036065)
2500 S Highland Ave, Suite 200                     Stinson LLP
Lombard, IL 60148                                  1850 North Central Avenue, Suite 2100
Telephone: (630) 575-8181                          Phoenix, Arizona 85004
mdaher@sulaimanlaw.com                             Telephone: (602) 279-1600
*Counsel for Plaintiff*                            michael.vincent@stinson.com
                                                   ashley.cheff@stinson.com
                                                   *Attorneys for Defendant*